**KIM, CHO & LIM, LLC**
Joshua S. Lim, Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Na, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
joshualim@kcllawfirm.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GFA ALABAMA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　-against-<br><br>BED BATH & BEYOND, INC.,<br><br>　　　　　Defendant. | Case No.:<br><br><u>CIVIL ACTION</u><br><br>**COMPLAINT AND JURY DEMAND** |

　　　Plaintiff, GFA ALABAMA, INC. ("Plaintiff"), by and through their attorneys, the law offices of Kim, Cho & Lim, LLC, complaining of defendant BED BATH & BEYOND, INC. ("Defendant"), avers as follows:

<u>**NATURE OF THE ACTION**</u>

　　1.  Plaintiff brings this action against Defendant asserting claims sounding in the ambit of breach of contract and quasi-contract concerning a certain Drayage Transportation Agreement (the "Agreement") by and between Plaintiff as carrier and defendant as shipper.

<u>**PARTIES**</u>

　　2.  Plaintiff GFA Alabama, Inc. is a company duly incorporated and existing under the laws of the state of Alabama with an address at 589 Fob James Dr., Valley, AL 36854 and a leading intermodal transportation service provider servicing the continental United States.

3. Defendant Bed Bath & Beyond, Inc. is a business incorporated under the laws of the State of New Jersey with an address at 650 Liberty Avenue, Union, New Jersey 07083 that operates multiple retail stores across the continental United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 because the parties are from different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant resides in this jurisdiction.

## STATEMENT OF CLAIM

6. Plaintiff and Defendant entered the Agreement on or about September 18th, 2018, whereby Defendant agreed to tender and Plaintiff agreed to transport certain goods (the "Goods") to and from certain locations (the "Services").

7. In exchange, Defendant agreed to (1) pay Plaintiff certain fees (the "Fees"), as set forth in Exhibit A of the Agreement; to (2) be responsible for "communicat[ing] projections and container pickups at port with a minimum 48 hours (2 Days) notification and ensuring enough time is allotted in planning to allow Carrier to pick up containers with no jeopardy of DEMURRAGE[1] due to planning"; and to (3) indemnify[2] Plaintiff "from [Defendant]'s performance of, or failure to perform services under this Agreement."

---

[1] Demurrage refers to the charge that a merchant pays for the use of a shipping container beyond the agreed upon "free" use period. Shipping containers are generally owned by the shipping company.
[2] Such indemnity covers "any liability, loss, cost, claims, and expenses, including attorneys' fees and costs of defense arising out of claims by third parties and directly arising from Shipper's performance of, or failure to perform services under this Agreement[.]"

8. In accordance with the Agreement, Plaintiff received and transported Goods on behalf of Defendant.

9. However, due to Defendant's failure to appropriately craft and execute their projections and other logistics, Defendant refused timely delivery of Goods transported by Plaintiff numerous times.

10. Accordingly, Plaintiff was assessed multiple penalties (generally on a per-diem basis) in the form of demurrage charges as the shipping containers holding the Goods were not returned to the shipping companies within the free period.

11. Plaintiff also incurred additional costs and expenses relating to the additional administrative and legal processing required in this matter and storage/warehousing costs for the Goods and shipping containers.

12. This notwithstanding, the Goods were delivered to and received by Defendant.

13. Thus, Plaintiff engaged in communication with Ian Pinchuk, an International Supply Chain Senior Director at Bed Bath & Beyond and demanded Defendant pay the demurrage charges to Plaintiff in the form of "accessorial charges" ("Detention Charges")[3] in accordance with the Agreement or contract directly with the shipping company to negotiate extended rates and time frames for their orders.

14. On January 16, 2023, Mr. Pinchuk emailed Plaintiff, disputing certain fees and charges but also admitting that no less than $196,619.33 of unpaid Fees due to Plaintiff by Defendant are valid, due, and owing for performing the Services.

15. The aforementioned Fees arise from invoices including those issued under invoice numbers BBB-09302022_Accessory;   BBB-09302022_Drayage;   BBB-09302022_Chassis;   BBB-

---

[3] Accessorial charges are set forth in Exhibit C of the Agreement.

10312022_Accessory; BBB_10312022_Drayage; BBB-10312022_Chasssis; BBB-111412022_Drayage; BBB-11142022_Accessory; BBB-11142022_Chassis.

16. However, in the effort to buy more time for Defendant, who at the time were contemplating filing for bankruptcy, Mr. Pinchuk requested Plaintiff issue cancel and consolidate certain invoices as the "'cleanest' way to keep all anticipated payments clear and associated to the correct containers, and avoid partial payments on invoices."

17. Plaintiff immediately provided the requested invoices to Defendant.

18. Furthermore, Mr. Pinchuk alleged he had sent the $196,619.33 Fee payment to Defendant's treasury department for processing and remittance.

19. After not receiving confirmation of such payment, on January 27, 2023, Plaintiff sent Defendant an agreement whereby Defendant would agree to make the aforementioned payment of fees and requested Defendant sign the same.

20. Defendant ceased responding to Plaintiff's communications shortly thereafter.

21. To date, Defendant still has not made paid the aforementioned Fees.

22. Mr. Pinchuk also simultaneously was communicating with Plaintiff concerning the Detention Charges, and alleged Defendant has already engaged in negotiations with the shipping companies and made partial payment on some of the demurrage charges.

23. Without accounting for any payments allegedly made by Defendant directly to shipping companies, Plaintiff had been assessed with an estimated $1,703,339 in the form of demurrage charges, mostly consisting of per diem and chassis charges from the shipping companies and steamship lines ("SSLs").

24. Even accounting for payments allegedly negotiated or made by Defendant directly with the aforementioned shipping companies and SSLs, there was still roughly $474,294.36 in outstanding Detention Charges due from Defendant to Plaintiff.

## FIRST CAUSE OF ACTION
(BREACH OF CONTRACT)

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. Plaintiff and Defendant are parties to a contract, namely, the Agreement.

27. Plaintiff performed under the Agreement by, *inter alia*, transporting Goods on behalf of and providing the Services to Defendant.

28. Defendant failed to performed under the Agreement by, *inter alia*, failing to make and communicate projections in a commercial reasonable manner causing Plaintiff to incur demurrage charges and failing to make payment of Fees.

29. As a consequence, Plaintiff suffered damages in an amount to be determined at trial but not less than $196,619.33, including costs and reasonable attorneys' fees as authorized by the Agreement.

## SECOND CAUSE OF ACTION
(UNJUST ENRICHMENT)

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. To the extent Defendant may assert the Agreement does cover either the Fees or Detention Charges, Plaintiff also (alternatively) asserts a claim for unjust enrichment.

32. Plaintiff conferred a benefit unto Defendant by, *inter alia*, providing Services to and payments (for, e.g., demurrage) on behalf of Defendant.

33. Plaintiff conferred such benefit with an expectation of remuneration as the parties are carriers and shippers in the intermodal transportation industry.

34. Accordingly, retention of such benefits by Defendant without payment would be unjust.

35. As a consequence, Plaintiff suffered damages in an amount to be determined at trial but not less than $670,913.69, including costs and reasonable attorneys' fees as authorized by the Agreement.

## THIRD CAUSE OF ACTION
(QUANTUM MERUIT)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. To the extent Defendant may assert the Agreement does cover the Fees, Plaintiff also (alternatively) asserts a claim for quantum meruit.

38. Plaintiff performed the services on behalf Defendant in good faith by, *inter alia*. providing the Services to Defendant.

39. Defendant accepted the Services, as evidenced by their acceptance of Goods and Plaintiff's deliveries.

40. Plaintiff, who is a carrier in the intermodal transportation industry, expected remuneration for providing the Services.

41. Provision of the Services is reasonable valued at $196,619.33.

42. As a consequence, Plaintiff suffered damages in an amount to be determined at trial but not less than $196,619.33, including costs and reasonable attorneys' fees as authorized by the Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant for:

1. Damages for Defendant's breach of the Agreement;
2. Damages for Defendant's unjust enrichment at the expense of Plaintiff;
3. Damages for quantum meruit in favor of Plaintiff;

4. Costs of suit incurred herein;

5. Reasonable attorney's fees incurred herein as authorized by the Agreement between the parties; and

6. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Palisades Park, New Jersey
       February 26, 2023

Respectfully submitted,

By:   */s/ Joshua S. Lim*
**KIM, CHO & LIM, LLC**
Joshua S. Lim, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*